0249.12269                                                                                    AJB/YMO

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| WALTER SLOAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 1:07-CV-7038 |
| VILLAGE OF HICKORY HILLS, ILLINOIS, ) | |
| a municipal corporation and, ALAN VODICKA, ) | Judge John Darrah |
| CHIEF OF POLICE VILLAGE OF HICKORY ) | Magistrate Mason |
| HILLS POLICE DEPARTMENT, ) | |
| JOSEPH ROSCETTI, Individually and in the ) | |
| capacity as a Police Officer for the ) | |
| VILLAGE OF HICKORY HILLS AND ) | |
| RYAN BAJT, individually and in the ) | |
| capacity as a Police Officer for the ) | |
| VILLAGE OF HICKORY HILLS. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO DISMISS COUNTS I, II AND IV PURSUANT TO 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

NOW COME the Defendants, CITY OF HICKORY HILLS[1], ILLINOIS, a municipal corporation and, ALAN VODICKA, CHIEF OF POLICE CITY OF HICKORY HILLS POLICE DEPARTMENT, JOSEPH ROSCETTI, Individually and in the capacity as a Police Officer for the CITY OF HICKORY HILLS AND RYAN BAJT, individually and in the capacity as a Police Officer for the CITY OF HICKORY HILLS, by and through their attorneys, ALAN J. BRINKMEIER, YVONNE M. O'CONNOR and MERLO KANOFSKY BRINKMEIER & GREGG Ltd. and for their Motion to Dismiss Counts I, II and IV of the Plaintiff's Complaint, based upon the Federal Rules of Civil Procedure, Rule 12 (b)(6), do state these pertinent points as follows:

## STATEMENT OF FACTS

The Plaintiff filed a Complaint on or about December 14, 2007, alleging an incident that took place on December 16, 2005. (Attached and made a part of this pleading, as Exhibit A, is a true and correct copy of that Complaint). The Plaintiff alleges that the defendant officers exercised the use of excessive force in their arrest of the Plaintiff on that date and caused him supposed severe injuries. Id. The Plaintiff Sloan also alleges that the City of Hickory Hills and its Chief of Police, Alan Vodicka, are liable for the actions of its officers, Roscetti and Bajt regarding the actions taken with respect to the Plaintiff. Id. The Complaint is organized into four counts, as follows:

I Negligence against the City of Hickory Hills

II. Gross Negligence against the City of Hickory Hills

III Excessive Force/Section 1983 Claims against the Individual Officers[2]

IV Section 1983 Claims against the Chief of Police, Vodicka

The Defendants bring this Motion to Dismiss, and request that the Court dismiss Counts I, II and IV with prejudice for the reasons more fully outlined. To avoid confusion, the Defendants have refrained from answering the remaining claim not challenged in this motion, Count III, until the motion is decided.

---

[1] The Plaintiff has mistakenly referred to the City of Hickory Hills as the "Village" of Hickory Hills within his complaint. Hickory Hills was at all times relevant to this litigation, organized as a City and that correct title is used hereafter by the movant Defendants to accurately reflect the correct municipal structure.

[2] Although difficult to surmise because of how it is written, the presumption that the Plaintiff is attempting to allege a claim of excessive force is made due to the fact that, in Illinois, an assault cannot be committed negligently. Rosenberg v. Packerland Packing, Co., 55 Ill.App.3d 959, 370 N.E.2d 1235 (1st Dist. 1977). As Counts I and II say they are grounded in negligence, the Defendants proceed here as though the Plaintiff is not alleging assault in Counts III and IV.

2

## ARGUMENT

### I. A One Year Statute of Limitations Applies to the Plaintiff Sloan's Counts I and II

A state law claim of negligence is presumably made in both Counts I and II of the Plaintiff's Complaint. Under Illinois' applicable general statute of limitation for personal injury claims a two year statute would apply. However, it is well-settled in Illinois, under the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8-101 (West 2006)), that a one year statute of limitations applies to any civil litigation against a municipality for these types of claims. Section 8-101 of this Act provides:

> "[n]o civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101 (West 2006).

The Courts have also specifically held that simply alleging willful and wanton misconduct (as the Plaintiff attempts within Count II of his Complaint) will not deprive a local entity of the shorter limitations period found within the Act. Luciano v. Waubonsee Community College, 245 Ill.App.3d 1077, 614 N.E.2d 904 (2nd Dist. 1993). This statute of limitations was specifically designed for municipal entities and supersedes any other general limitations statute in effect at the time the cause of action arose. Stanley v. Denning, 130 Ill.App.2d 628, 264 N.E.2d 521 (1st Dist. 1970).

Count I of the Plaintiff's Complaint is addressed solely to the City of Hickory Hills, on its face. Count II is simply labeled "Gross Negligence". Instructive in helping decide the matter, the Count II prayer for relief asks the Court to enter judgment against the Defendant City, and not the other named defendants. The Defendants, therefore, presume that both Counts I and II are addressed solely to the City of Hickory Hills. The City also notes that factor would not make

a difference as to the applicability of the provisions of the Act since the provisions of 8-101 apply equally to the municipal entity and its employees.

Equally certain under the law, the tolling date for the Plaintiff Sloan to have filed such a complaint against the City of Hickory Hills (and any of its employees) for these negligence allegations would have been **December 16, 2006**. Plaintiff filed his Complaint virtually a full year past the applicable statute date, on **December 14, 2007**. Thus, both Count I and Count II of the Complaint are barred under Illinois law and must be dismissed with prejudice. Substantial authority supports dismissal of a suit under Rule 12(b)(6) where the facts alleged in the Complaint make clear the claims are time-barred. Thus, for example, in Kauthar, the Seventh Circuit held that various federal securities claims were appropriately dismissed as time barred where the facts alleged made clear that the claims arose beyond the statute of limitations. Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 670-71 & n.14 (7th Cir. 1998)-(collecting extensive circuit court precedent from the Seventh Circuit and sister courts).

**II. Count I and II are Subject to 2-109 Immunity under Illinois Law**

Chief Vodicka, as the Chief of Police, is charged with running the police department (among other responsibilities) for the City of Hickory Hills. In Illinois, police officers, not limited to supervisory officers, are classified as "public officials". Jones v. Village of Villa Park, 815 F. Supp. 249 (N.D. Ill. 1993); Taylor v. City of Berwyn, 372 Ill. 124, 22 N.E.2d 930 (1939). The common-law doctrine of public official immunity provides a defense to personal liability in tort for such "public officials", when "injuries result from a discretionary decision; made in good faith; and are made in the exercise of the officials' governmental powers." MidAmerica Trust Co., 158 Ill. App.3d 372, 511 N.E.2d 964 (5th Dist. 1987).

The activities alleged to have been undertaken by Chief Vodicka in his role as Chief of Police for the City of Hickory Hills are clearly "governmental in nature," as is required to invoke this immunity. Consequently, such decisions are "unique" to governmental employment. Stephens v. Cozadd, 159 Ill.App.3d 452, 512 N.E.2d 812 (3rd Dist. 1987). The Police Chief's actions related to staffing and training in the department are related to the protection of the public and not similar to "actions performed by nongovernmental employees." Id.

In the case *sub judice*, Chief Vodicka would be afforded the common-law immunities as a public official for any discretionary decisions he made in hiring, assigning or retaining the Defendant officers with the City of Hickory Hills. Because these are the only allegations that purport to attribute liability to Chief Vodicka contained in Count IV of Plaintiff's Complaint, he is effectively immune from suit under this common-law immunity. Count IV should be dismissed with prejudice, accordingly.

As discussed in the prior section, public officials are provided immunity for discretionary decisions. Although such immunity does not, under common law, extend to the municipal entities the public officials serve, Illinois has codified such immunity for the municipalities as follows:

> "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109 (West 2006).

Thus, logically, when the public official is immune from suit, it follows that the municipality is also immune.

In fact, this statute has been interpreted, within Illinois, to extend exactly such logical immunity to the involved municipal body. Kelly v. Ogilvie, 64 Ill. App. 2d 144, 212 N.E.2d 279 (1st Dist. 1965).

5

Again, as discussed in the prior section, Chief Vodicka would be effectively immune from suit for any of the discretionary decisions he undertook in his role as Chief of Police in the hiring, assignment and retention of Officers Roscetti and Bajt. Discretionary acts involve the exercise of personal deliberation and judgment in deciding whether to perform a particular act or how and in what manner that act should be performed. See, Wrobel v. City of Chicago, 318 Ill. App. 3d 390, 394-95 (2000). Accordingly, following the provisions of 2-109 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, the City of Hickory Hills would be similarly immune and Counts I and II of Plaintiff's Complaint (which are directed solely towards the City) should be dismissed.

### III. Section 2-201 Bars Count I and II

As an alternative argument as to why Count IV should properly be dismissed from the Plaintiff's Complaint, the Defendants submit that Section 2-201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act provides additional immunities for the policymaking and discretionary acts undertaken by Chief Vodicka as the Chief of Police for the City of Hickory Hills. This portion of the Act provides:

> "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-202

In Illinois, the Johnson v. Mers opinion has held that the immunity afforded within this section is absolute in nature. 279 Ill.App.3d 372, 381, 664 N.E.2d 668, 675-76 (2nd Dist. 1996). This immunity is afforded to municipal employees who engaged in the "exercise of discretion". Greeson v. Mackinaw Township, 207 Ill.App.3d 193, 200, 565 N.E.2d 695, 699 (3d Dist. 1990) and Snyder v. Curran Township, 167 Ill.2d 466, 473 657 N.E.2d 988 (1995). Ministerial acts are

6

not afforded this immunity, and are defined as "[those acts] which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority and without reference to the official's discretion as to the priority of acts." Munizza v. City of Chicago, 222 Ill.App.3d 50, 55, 583 N.E.2d 561, 565 (1st Dist. 1991). If acts of the official require deliberation or exercise of judgment, they are not ministerial in nature. Spangenberg v. Verner, 321 Ill.App.3d 429, 747 N.E.2d 359 (5th Dist. 2001); and Anderson v. Village of Forest Park, 238 Ill.App.3d 83, 84, 606 N.E.2d 205, 213 (1st Dist. 1992).

As discussed within section III of this motion, the "actions" alleged to have been taken by Chief Vodicka with respect to the Plaintiff's injuries revolve around alleged prior knowledge of a propensity for excessive force by the Defendant officers and negligent hiring and retention of these officers. The City points out that such actions are discretionary rather than ministerial in nature and, Section 2-201 would apply to bar all such liability to the City of Hickory Hills. For this reason, among the others previously stated, the Defendants respectfully urge that Count IV of the Plaintiff's Complaint be dismissed.

**IV. Plaintiff has not Plead a Monell Claim in Count IV**

In Count IV, the Plaintiff purports to impose liability upon the Chief of Police for the City of Hickory Hills for the actions of the individual Defendants (Officers Roscetti and Bajt), both City employees. The holding in Monell requires that the Plaintiff base this liability upon the enforcement of a municipal policy(ies) or customs and not merely attempt to impose liability for a City's having employed a(n) (alleged) tortfeasor. Monell v. Department of Social Services, 436 U.S. 658 (1978).

Monell and its progeny also instruct that neither a municipality nor a supervisory-level employee can be held vicariously liable in a section 1983 action for the acts of a subordinate

7

employee. Kernats v. O'Sullivan, 35 F.3d 1171, 1182 (7th Cir. 1994) and Morfin v. City of East Chicago, 349 F.3d 989, 1001 (7th Cir. 2003) ("Chief Alcala cannot be liable for any constitutional violations committed by his officers simply by virtue of his supervisory role").

The allegations contained within Count IV regarding the specific "actions" of Chief Vodicka are as follows:

> "Prior to December 16, 2005, Defendant, Alan Vodcika, acting under color of law and in his official capacity as Chief of the Village of Hickory Hills police Department, acquired actual or constructive notice that its Officers, namely Defendants, Joseph Roscetti and Ryan Bajt, were using excessive force against individual citizens during the course of his duties as Officer and/or that he had violent tendencies that rendered him unfit as an Officer and neither Defendant was suspended from or released from duties." (Exhibit A at paragraph 14).

These allegations do not put Chief Vodicka at the scene of the accident, nor do they suggest that Chief Vodicka was involved in the arrest in any manner. Instead they merely imply that he "should have known" about the behavior of the defendant officers such that they were "prone" to utilize excessive force. This Court has held that there must be " [a] direct, affirmative link between the misconduct" of the two defendant officers and Chief Vodicka's actions. Rizzo v. Goode, 423 U.S. 362, 371 (1971); Smith v. Rowe, 761 F.2d 260, 369 (7th Cir. 1985). The Chief simply cannot be held liable for the negligent (even grossly negligent) failure to detect the unconstitutional acts of a subordinate employee. Whitford v. Boglino, 63 F.3d 527, 530-31 (7th Cir. 1995); Jones v. City of Chicago, 856 F.2d 985 (7th Cir. 1988).

For this reason, Count IV of the Plaintiff's Complaint is properly dismissed with prejudice since the Plaintiff has failed to state a claim upon which relief can be granted regarding liability of Chief Vodicka for the actions taken by subordinate officers during the arrest of the Plaintiff Sloan on December 16, 2005.

**CONCLUSION**

The three counts of Plaintiff's Complaint that are the subject of this motion to dismiss should be dismissed with prejudice as no pleading can cure the defects contained therein.

First, Defendants submit that the statute of limitations applicable to the state law claims plead in Count I and Count II is firm at one year past the date of the incident. Nothing can change the fact that Plaintiff missed the timing for filing these claims once December 16, 2006 passed. There is no exception to the one year statute of limitations for such claims against a municipality or its employees.

Secondly, both common-law and the Illinois Local Governmental and Governmental Employees Tort Immunity Act provide The City of Hickory Hills (through Chief Vodicka) with an alternate defense to this suit in the form of public-official immunity that has been (statutorily) extended to municipal entities. As the Chief is only alleged to have performed certain discretionary duties that allegedly lead to the Plaintiff's claimed injuries, he would be afforded immunity from this suit and that immunity would be extended, through 2-109 of the Act, to the City of Hickory Hills, thus barring Counts I and II.

Similarly, the City of Hickory Hills is afforded a final alternative defense supporting this motion to dismiss in section 2-201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act. That portion of the Act affords immunity to Chief Vodicka based upon policymaking and discretionary acts he undertook, even if such discretion may have been abused.

Lastly, the Monell doctrine serves to bar the claims contained in Count IV. The Plaintiff attempts to hold both the City of Hickory Hills and its Chief of Police liable for the allegedly unconstitutional or grossly negligent acts of its officers who were subordinate employees to

Chief Vodicka. As elaborated upon more fully above, such attempts fail under applicable federal law. The Plaintiff has not alleged that the Chief was in at all "affirmatively linked" to their conduct so as to allow Count IV to remain.

The Defendants submit that any and all of these bases form a proper reason to dismiss Count I, Count II and Count IV of the Plaintiff's Complaint under the application of Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, the Defendants, CITY OF HICKORY HILLS, ILLINOIS, a municipal corporation and, ALAN VODICKA, CHIEF OF POLICE CITY OF HICKORY HILLS POLICE DEPARTMENT, JOSEPH ROSCETTI, Individually and in the capacity as a Police Officer for the CITY OF HICKORY HILLS AND RYAN BAJT, individually and in the capacity as a Police Officer for the CITY OF HICKORY HILLS, respectfully request that this Honorable Court dismiss Counts I, II and IV from Plaintiff's Complaint at Law and for whatever other relief this Court shall deem just and proper.

                                                  Respectfully submitted

                                                  s/ Alan J. Brinkmeier
                                                  s/ Yvonne M. O'Connor
                                                  Alan J. Brinkmeier and
                                                  Yvonne M. O'Connor
                                                  Attorneys for the Defendants

Alan J. Brinkmeier
Yvonne M. O'Connor
MERLO KANOFSKY BRINKMEIER & GREGG Ltd.
208 South LaSalle Street
Suite 950
Chicago, IL 60604
Phone: 312-553-5500