04/23/2008 10:57 7706221690 ACM CLAIMS PAGE 04/12
Case 1:07-cv-07038 Document 17-2 Filed 05/22/2008 Page 1 of 8
FROM :City of Hickory Hills      FAX NO. :+430 6245      r. 14 2008 02:40PM P4

### IN THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
### CHICAGO, ILLINOIS

| | |
|---|---|
| WALTER SLOAN,       Plaintiff | ] ] ] ] |
| vs. | ] No: |
| VILLAGE OF HICKORY HILLS, ILLINOIS A municipal corporation, and ALAN VODICKA, CHIEF OF POLICE VILLAGE OF HICKORY HILLS POLICE DEPARTMENT, JOSEPH ROSCETTI, individually and in the capacity as a Police Officer for the VILLAGE OF HICKORY HILLS AND RYAN BAJT, individually and in the Capacity as a Police Officer for the VILLAGE OF HICKORY HILLS.       Defendants. | ] ] ] ] ] ] ] ] ] ] ] ] ] |

RECEIVED
DEC 1 4 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07C7038

JURY TRIAL DEMANDED

JUDGE JOHN W. DARRAH
MAGISTRATE JUDGE MASON

## JURISDICTION

Plaintiff, Walter Sloan's rights are alleged to have been violated by what constituted the use of excessive force by Defendants against Plaintiff, Walter Sloan, in violation of his Fourth and Fourteenth Amendment rights and in violation of 42 U.S.C. 1983.

## COMPLAINT

### COUNT I – VILLAGE OF HICKORY HILLS

COMES now the Plaintiff, Walter Sloan, by and through his attorney, M. Anne Hannigan, and for his Complaint against the Defendant, Villlage of Hickory Hills, a municipal corporation, states as follows:

1


DEFENDANT'S EXHIBIT A

1. That at all times relevant hereto, Plaintiff, Walter Sloan, was a resident of the County of Cook and State of Illinois.

2. That at all times relevant hereto, Defendant, Villlage of Hickory Hills, was a municipal corporation, regularly conducting its operations and/or business with the general public and with the Plaintiff, Walter Sloan, in the Villlage of Hickory Hills, County of Cook and State of Illinois.

3. That at all times relevant hereto, Defendant, Villlage of Hickory Hills, employed police officers, including but not limited to, Officer Joseph Roscetti and Officer Ryan Bajt, and other full time enforcement officers.

4. That on December 16, 2005, Defendant, Villlage of Hickory Hills' employees, Joseph Roscetti and Ryan Bajt, were on duty with the Hickory Hills Police Department.

5. That on December 16, 2005, Plaintiff, Walter Sloan, was near a dumpster behind the Jewel Store, located t at 9528 South Roberts Road in the Villlage of Hickory Hills, county of Cook and State of Illinois. That on that date the bank inside the Jewel, TCF Bank reported a robbery. The Defendants, Joseph Roscetti and Ryan Bajt, and other Hickory Hills Police Officers responded to the call and upon arrival at the bank proceeded to the dumpster area in the rear of the Jewel, where they encountered Plaintiff. In the immediate investigation of said robbery, they assumed the Plaintiff was the robber. Plaintiff did not resist arrest. Whereupon, Joseph Roscetti and Ryan Bajt and other police officers severely beat the Plaintiff and handcuffed him, placing him under arrest for robbery.

6. Prior to the time that Joseph Roscetti and Ryan Bajt attacked Plaintiff, the Defendant had

2

knowledge of Joseph Roscetti and Ryan Bajt's violent propensities and dangerousness.

7. The Defendant was careless and negligent in hiring and in retaining Joseph Roscetti and Ryan Bajt as employees, and in permitting them to protect male citizens of the Villlage of Hickory Hills, in particular the Plaintiff, when the Defendant knew or should have known that Joseph Roscetti and Ryan Bajt were violent and dangerous individuals who could cause harm to others, including the Plaintiff.

8. The assault and arrest of the Plaintiff was directly and proximately caused by the negligence and carelessness of the Defendant.

9. As a direct and proximate result of the Defendant's negligence, the Plaintiff was beaten and cut and has suffered and will continue to suffer in the future severe and permanent personal injuries, including but not limited to, severe psychological trauma and stress, excruciating humiliation, severe pain and suffering and deafness in one ear.

WHEREFORE, the Plaintiff prays for judgment against the Defendant, in an amount in excess of Fifty Thousand Dollars ($50,000.00) for costs of this action and for all just and proper relief.

Respectfully submitted,

_____
M. Anne Hannigan
Attorney for Plaintiff

## COUNT II – Gross Negligence

COMES now the Plaintiff, Walter Sloan, by and through counsel, M. Anne Hannigan,

and for Count II of this Complaint for damages against the Defendants, allege and state that:

10. Plaintiff incorporates herein by reference paragraphs 1 through 9 of Count I of this Complaint the same as if it was fully set out.

11. The act of the Defendants were grossly negligent and one with needless disregard of the legal rights of the Plaintiff, Walter Sloan, thereby entitling him to exemplary or punitive damages.

WHEREFORE, the Plaintiff prays for judgment against the Defendant, Village of Hickory Hills, for punitive damages in an amount consequent with his injuries, for the costs of this action and for all other just and proper relief.

Respectfully submitted,

_____
M. Anne Hannigan
Attorney for Plaintiff

### COUNT III
### CIVIL ACTION FOR DEPRIVATION OF RIGHTS CONFERRED BY THE U.S. CONSTITUTION, FOURTH AMENDMENT, FOURTEENTH AMENDMENT AND 42 U.S.C. 1983 AGAINST DEFENDANTS ROSCETTI & BAJT

COMES now the Plaintiff, Walter Sloan, by and through his attorney, M. Anne Hannigan, and for his Complaint against the Defendants, officers Roscetti & Bajt, states as follows:

6. Plaintiff incorporates by reference paragraphs 1-5 of Count I as more fully set out herein.

04/23/2008 10:57 7706221690 ACM CLAIMS PAGE 08/12
Case 1:07-cv-07038 Document 17-2 Filed 05/22/2008 Page 5 of 8
FROM :City of Hickory Hills        FAX NO. :+430 6245        r. 14 2008 02:41PM P8

7. At the time of the arrest, Defendants, Joseph Roscetti and Ryan Bajt, while acting under color of law, used unreasonable force against Plaintiff, Walter Sloan, in one or more of the following ways:

   A. Beat him when he was not resisting arrest and was fully co-operating;

   B. Inflicted severe force to Plaintiff, Walter Sloan, causing injuries;

   C. Created tremendous fear and apprehension in Plaintiff, Walter Sloan, that he may be more severely beaten;

   D. Created unreasonable humiliation and embarrassment to Walter Sloan, in that he was arrested and handcuffed and identified as a robber.

8. As a direct and proximate result of the acts and/or omissions set out in previous paragraphs, Defendant, Joseph Roscetti and Ryan Bajt's acts, omissions and disregard of Plaintiff, Walter Sloan's rights constituted the use of excessive force by Defendants against Plaintiff, Walter Sloan, in violation of his Fourth and Fourteenth Amendment rights and in violation of 42 U.S.C. 1983.

9. Pursuant to 42 U.S.C. 1983, Plaintiff requests that this attorney's fees, expert fees and costs incurred herein be awarded him and that this Court direct the Defendants to pay the same as a part of Plaintiff's damages alleged herein.

10. That as a direct and proximate result of the complained acts and/or omissions of Defendant, Joseph Roscetti and Ryan Bajt, Plaintiff, Walter Sloan, suffered severe and ongoing pain and mental anguish, has required medical care and was scarred on his skin ,

5

all to his damage in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**WHEREFORE**, Plaintiff prays this Court to enter judgment in his favor and against the Defendants, Joseph Roscetti and Ryan Bajt, in an amount in excess of Fifty Thousand Dollars ($50,000.00) that will fully and fairly compensate him for the injuries alleged herein and for his attorney's fees, plus costs, for punitive damages as allowed by Federal Law, and for any other and such further relief as this Court deems equitable, just and proper.

Respectfully submitted,

_____
M. Anne Hannigan
*Attorney for Plaintiff*

### COUNT IV
### CIVIL ACTION FOR DEPRIVATION OF RIGHTS CONFERRED BY THE U.S. CONSTITUTION, FOURTH AMENDMENT, FOURTEEN AMENDMENT AND 42 U.S.C. 1983 AGAINST ALAN VODICKA

COMES now the Plaintiff, Walter Sloan, by and through his attorney, M. Anne Hannigan, and for his Complaint against the Defendant, ALAN VODICKA, Chief of Police of Villlage of Hickory Hills, a municipal corporation, states as follows:

11. Plaintiff incorporates by reference paragraphs 1 through 10 as more fully set out herein.

12. At all times mentioned herein, Defendant, Alan Vodicka, was the Chief of Police for the Villlage of Hickory Hills, employed by the Villlage of Hickory Hills and was acting under the color of law, and in his official capacity as the Chief of Police. He manages, supervises and controls the activities of the Village Police Department and the people that

department employs.

13. Plaintiff, Walter Sloan, brings this action for violation of rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution. He seeks redress for violation of his civil rights pursuant to the provisions of Title 42, Section 1983 of the United States Code.

14. Prior to December 16, 2005, Defendant, Alan Vodicka, acting under color of law and in his official capacity as Chief of the Village of Hickory Hills Police Department, acquired actual or constructive notice that its Officers, namely Defendants, Joseph Roscetti and Ryan Bajt, were using excessive force against individual citizens during the course of his duties as Officer and/or that he had violent tendencies that rendered him unfit as an Officer and neither Defendant was suspended from or released from duties.

15. The acts and omissions of Defendant, Joseph Roscetti and Ryan Bajt, were committed while employed as a police officer by the Defendant, Villlage of Hickory Hills, and acting under color of law and under the direct management supervision and control of Defendant, Alan Vodicka, who was in turn acting under color of law in his official capacity as Chief of Police.

16. That as a direct and proximate result of the complained acts and/or omissions of Defendants, Joseph Roscetti and Ryan Bajt, Plaintiff, Walter Sloan, suffered severe and ongoing pain and mental anguish, has required medical care and was scarred and lost hearing in one ear, all to his damage in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**WHEREFORE**, Plaintiff, Walter Sloan, prays this Honorable Court for judgment against

7

Defendants, Alan Vodicka and the Villlage of Hickory Hills as follows:

A. Awarding compensatory damages in excess of Fifty Thousand Dollars ($50,000.00);

B. Awarding Plaintiff, Walter Sloan, attorney's fees reasonably incurred in prosecution of this action pursuant to 42 U.S.C. 1988;

C. Awarding Plaintiff the costs of this action;

D. Awarding punitive damages as allowed by Federal Law;

E. Granting Plaintiff such other and further relief as this Court deems equitable, just and proper.

Respectfully submitted,

_____

M. Anne Hannigan
Attorney for Plaintiff

M. Anne Hannigan.
Attorney for Plaintiff
777 North Michigan Avenue Suite 3009
Telephone: 312-649-3767
Fax: 312-649-1848

8