0249.12269                                                                                         AJB/YMO

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| WALTER SLOAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 1:07-CV-7038 |
| VILLAGE OF HICKORY HILLS, ILLINOIS, ) | |
| a municipal corporation and, ALAN VODICKA, ) | Judge John Darrah |
| CHIEF OF POLICE VILLAGE OF HICKORY ) | Magistrate Mason |
| HILLS POLICE DEPARTMENT, ) | |
| JOSEPH ROSCETTI, Individually and in the ) | |
| capacity as a Police Officer for the ) | |
| VILLAGE OF HICKORY HILLS AND ) | |
| RYAN BAJT, individually and in the ) | |
| capacity as a Police Officer for the ) | |
| VILLAGE OF HICKORY HILLS. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS I, II AND IV PURSUANT TO 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

NOW COME the Defendants, CITY OF HICKORY HILLS[1], ILLINOIS, a municipal corporation and, ALAN VODICKA, CHIEF OF POLICE CITY OF HICKORY HILLS POLICE DEPARTMENT, JOSEPH ROSCETTI, Individually and in the capacity as a Police Officer for the CITY OF HICKORY HILLS AND RYAN BAJT, individually and in the capacity as a Police Officer for the CITY OF HICKORY HILLS, by and through their attorneys, ALAN J. BRINKMEIER, YVONNE M. O'CONNOR and MERLO KANOFSKY BRINKMEIER & GREGG Ltd. and for their Reply Brief in Support of their Motion to Dismiss Counts I, II and IV of the

---

[1] The Plaintiff has mistakenly referred to the City of Hickory Hills as the "Village" of Hickory Hills within his complaint. Hickory Hills was at all times relevant to this litigation, organized as a City and that correct title is used hereafter by the movant Defendants to accurately reflect the correct municipal structure.

Plaintiff's Complaint, based upon the Federal Rules of Civil Procedure, Rule 12 (b)(6), do state these pertinent points as follows:

## ARGUMENT

### I. Plaintiff has Conceded the Proper Dismissal of Counts I and II

Within their Motion to Dismiss, Defendants pointed out that the proper statute of limitations applicable to the State law tort claims set forth in Counts I and II of Plaintiff's Complaint was one year from the date of the occurrence. We know the event in question took place on December 16, 2005, by admission in Plaintiff's Complaint. As such, the statute ran on December 16, 2006 and it is clear that no suit was filed by Plaintiff until December 17, 2007.

Plaintiff has conceded these counts are properly dismissed, presumably with prejudice, within his Response brief, filed on June 26, 2008, in this matter, stating: "Plaintiff does not dispute count I and II based upon the statute of limitations." See Plaintiff's Response Brief at Para. 1.

For this reason, Defendants submit that Counts I and II of Plaintiff's Complaint are properly dismissed with prejudice.

### II. Re-Pleading will not Cure the Defects Present in Count IV

In response to Defendants' arguments as to why Count IV should be dismissed, Plaintiff requests leave to "amend" this Count, arguing that a genuine issue of material fact with respect to the defendant officers would allow liability to flow to the Municipality if proven. See Plaintiff's Response Brief at Para. 2. Although Federal Rule of Civil Procedure 15 allows liberal amendments, this will not cure the evidence defects within Plaintiff's complaint.

It is important to note that with the dismissal of Counts I and II from the Complaint, the City of Hickory Hills is no longer a named Defendant to the litigation. These Counts were the

2

only Counts specifically addressed to the municipality, with Count III addressed to the individual officers and Count IV addressed to Police Chief Alan Vodicka. Plaintiff is really seeking to plead a completely new Count against a "new" Defendant as the municipality was not part of the Section 1983 claims in the original filing. Even under a liberal reading of Federal Rule of Civl Procedure 15, such tactics to obviate the appropriate statute should not be allowed.

Interestingly, Plaintiff makes no argument as to the substance of Defendants' assertion that Chief Vodicka must be dismissed from the litigation as vicarious liability cannot be attributed to him as is attempted in Count IV. Plaintiff turns his attention solely to maintaining Count IV as a Count against the City of Hickory Hills, rather than discussing the Count, as it was plead against Chief Vodicka.

Plaintiff argues that by making certain allegations about the individual defendant officers, liability can flow to the municipality if the claims against these officers "are viable." See Plaintiff's Response Brief at Para. 2. This argument is flawed under a reading of the Monell case and its progeny. Monell v. Department of Social Services, 436 U.S. 658 (1978). These cases clearly state that in order to sustain a Section1983 action of this type (against a municipality or supervisory officer), more than simple allegations of mere employment are required and these simple allegations are all that are put forth by Plaintiff both in his Complaint and in his response brief to this Motion.

Alexander, a case cited to by Plaintiff in support of his argument is actually supportive of the dismissal of Count IV. In that case, the Plaintiff brought both a Section 1983 (Monell) and Section 1985 (conspiracy) claim against the City of South Bend and various police officers. Alexander v. City of South Bend, 433 F.3d 550 (7th Cir, 2006). The Court affirmed the prior decision dismissing the Monell claim indicating Plaintiff had a "complete absence of evidentiary

3

support." Id. at 557. The court went on to note, in its opinion, that the municipality in question could not be "liable under Monell unless it violated a constitutional guarantee" and that Plaintiff had cited no evidence of a custom or policy or deliberate indifference which would be required to sustain the claim. Id. Here, Sloan has only alleged certain constructive notice on the part of Chief Vodicka, but has not made the requisite allegations, even under liberal notice pleading, to satisfy the strict requirements of Monell to maintain a count against either the Chief of Police or the municipality, who was not specifically named as a respondent to Count IV.

Plaintiff also cites to the Pepper case, for the proposition that he should be allowed to "amend" Count IV of the Complaint rather than having this count dismissed. Pepper v. Village of Oak Park, 430 F.3d 805 (7th Cir. 2005). In that case, the Plaintiff had sued the Village and one of its police officers under Section 1983 alleging that by allowing her estranged husband to remove personal property from her home, her constitutional rights were violated. Id. One of the arguments put forth by Plaintiff in Pepper was that because Oak Park had not filed an answer to an amended pleading (chosing instead to file a motion for summary judgment without addressing the new allegations), those allegations were deemed admitted at least until the case was remanded, at which time Oak Park could then file an answer. Id. at 812. The Court recognized the futility of such an argument and held that "the primary role of pleadings in the federal system (is) to provide notice, not to prolong a losing case beyond its natural life." Id. The same is true for Sloan. Allowing any amendment to Count IV would not serve to correct the existing problems with his Monell claim, but would only prolong his losing case "beyond its natural life."

Plaintiff has failed to proffer any evidence or support by which to allow Count IV to stand as plead and similarly fails to state a basis as to why the Count can be cured through

amendment. The arguments submitted to this court within Defendants' Motion to Dismiss stand unopposed as to why Count IV is properly dismissed.

## CONCLUSION

The three counts of Plaintiff's Complaint that are the subject of this motion to dismiss should be dismissed with prejudice as no pleading can cure the defects contained therein.

As related within Plaintiff's Response Brief to Defendants' Motion to Dismiss, it is conceded that Counts I and II of the Complaint are properly dismissed as the relevant statute of limitations bars the actions.

Similarly, Count IV should be dismissed in its entirely because Plaintiff has not stated a claim upon which relief can be granted as to Chief Vodicka – the only named Defendant to that Count of Plaintiff's Complaint. Although Plaintiff attempts to argue that amending this complaint will cure the defects therein, he makes no argument as to why Chief Vodicka should remain a defendant and, instead, turns his attention to adding the City of Hickory Hills to this Count. As related within Defendants' original motion to dismiss, vicarious liability cannot be afforded to either the Police Chief or municipality and Count IV is properly dismissed.

WHEREFORE, the Defendants, CITY OF HICKORY HILLS, ILLINOIS, a municipal corporation and, ALAN VODICKA, CHIEF OF POLICE CITY OF HICKORY HILLS POLICE DEPARTMENT, JOSEPH ROSCETTI, Individually and in the capacity as a Police Officer for the CITY OF HICKORY HILLS AND RYAN BAJT, individually and in the capacity as a Police Officer for the CITY OF HICKORY HILLS, respectfully request that this Honorable Court dismiss Counts I, II and IV from Plaintiff's Complaint at Law and for whatever other relief this Court shall deem just and proper.

                                      Respectfully submitted,

                                      <u>s/ Alan J. Brinkmeier</u>
                                      <u>s/ Yvonne M. O'Connor</u>
                                      Alan J. Brinkmeier and
                                      Yvonne M. O'Connor
                                      Attorneys for all Defendants

Alan J. Brinkmeier
Yvonne M. O'Connor
MERLO KANOFSKY BRINKMEIER & GREGG Ltd.
208 South LaSalle Street
Suite 950
Chicago, IL 60604
Phone: 312-553-5500

## CERTIFICATE OF SERVICE

To:   Ms. Anne Hannigan
777 N. Michigan Ave.
Suite 3009
Chicago, IL 60611

     I hereby certify that on **July 10, 2008**, a copy of the foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS I, II AND IV PURSUANT TO 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                    s/Alan J. Brinkmeier
                                                    Alan J. Brinkmeier