UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER SLOAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 7038 |
| | ) | |
| vs. | ) | Judge Darrah |
| | ) | Magistrate Judge Mason |
| CITY OF HICKORY HILLS, | ) | |
| ALAN VODICKA, in his official | ) | |
| capacity as Hickory Hills Chief of Police, | ) | |
| Hickory Hills Police Officers | ) | |
| JOSEPH ROSCETTI, and | ) | Jury Demand |
| RYAN BAJT, | ) | |
| | ) | |
| Defendants. | ) | |

FILED AUG 27 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

### FIRST AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Cook County, Illinois.

5. Defendant ALAN VODICKA is the Hickory Hills Chief of Police and is sued in his official capacity

6. Defendant-Officers are duly appointed and sworn Hickory Hills police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. Defendant CITY OF HICKORY HILLS is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

9. On or about December 16, 2005, Plaintiff was near a dumpster behind the Jewel Store located at 9528 South Roberts Road in Hickory Hills.

10. At about 5:35 p.m., Defendants ROSCETTI and BAJT responded to a robbery call from the bank inside the Jewel.

11. BAJT saw Plaintiff near the dumpster.

12. BAJT ordered Plaintiff to put his hands-up and walk over to BAJT's police vehicle.

13. Plaintiff complied with BAJT's orders.

14. Once Plaintiff reached BAJT's police vehicle, BAJT grabbed Plaintiff and slammed him on the hood of the vehicle.

15. At this time, ROSCETTI arrived on scene and grabbed Plaintiff.

16. ROSCETTI and BAJT slammed Plaintiff to the ground.

17. ROSCETTI and BAJT beat Plaintiff.

18. An ambulance was called to the scene.

19. After the incident, the ambulance took Plaintiff to Christ Hospital for treatment for the injuries he sustained from the beating from ROSCETTI and BAJT.

20. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

21. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

### COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

22. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

23. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

24. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

25. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

26. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF HICKORY HILLS and Chief of Police ALAN VODICKA)

27. Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

28. At all times material to this Complaint, there existed in the City of Hickory Hills the following practices, policies and customs:

    a. arbitrary use of excessive force against suspects, arrestees, detainees and other civilians,

    b. failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed above,

    c. failure to adequately discipline police officers for misconduct,

29. The above-described policy was widespread, and was known, or should have been known, to HICKORY HILLS policy-makers and Chief of Police ALAN VODICKA.

30. Chief ALAN VODICKA and CITY OF HICKORY HILLS policy-makers acted with deliberate indifference in maintaining and overlooking the policy described above.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants ALAN VODICKA and CITY OF HICKORY HILLS,

b) Award Plaintiff compensatory damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

31. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

32. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF HICKORY HILLS is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF HICKORY HILLS to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595