UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER SLOAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VILLAGE OF HICKORY HILLS, ILLINOIS; ) | No. 07 CV 7038 |
| VILLAGE OF HICKORY HILLS POLICE ) | |
| DEPARTMENT; ALAN VODICKA; ) | Judge John W. Darrah |
| JOSEPH ROSCETTI; and RYAN BAJT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Walter Sloan ("Sloan"), filed suit against Defendants, City of Hickory Hills[1] ("Hickory Hills"), Chief of Police Alan Vodicka ("Vodicka"), Police Officer Joseph Roscetti ("Roscetti"), and Police Officer Ryan Bajt ("Bajt"), asserting four causes of action. Plaintiff seeks damages for negligent hiring against Hickory Hills (Count I), for gross negligence against Hickory Hills (Count II), for excessive force against Roscetti and Bajt (Count III), and for municipal liability against Vodicka for the conduct of his officers (Count IV). Pending before this Court is Defendants' Motion to Dismiss Counts I, II, and IV for failure to state a claim upon which relief can be granted.

---

[1] Defendants point out in their Motion to Dismiss that Sloan mistakenly referred to the City of Hickory Hills as the "Village of Hickory Hills" in his Complaint. As Hickory Hills is organized as a city, it will be referred to in this Order by its proper designation.

## BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

On December 16, 2005, Sloan was near a dumpster behind the Jewel grocery store located at 9528 South Roberts Road in the City of Hickory Hills, Illinois. The TCF Bank inside the Jewel store on Roberts Road reported a robbery on December 16, 2005. Roscetti and Bajt were Hickory Hills Police Officers on duty and acting under color of state law on December 16, 2005. Roscetti and Bajt responded to TCF's robbery call and encountered Sloan near the dumpster in back of the Jewel. Roscetti and Bajt assumed Sloan was the robber, handcuffed him and placed him under arrest. Sloan did not resist arrest. Nevertheless, Roscetti and Bajt severely beat Sloan while arresting him, causing severe and permanent injuries, including deafness in one ear, psychological trauma, and humiliation. Hickory Hills and Vodicka had knowledge of Roscetti's and Bajt's violent propensities and dangerousness. Vodicka supervised and controlled the Hickory Hills Police Department and its employees. Vodicka knew of Roscetti's and Bajt's violent tendencies but did not suspend or terminate them. Sloan filed the present suit on December 14, 2007.

## LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the non-moving party. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To meet the requirements of Rule 8(a)(2), the complaint must first describe the claim in sufficient detail "in

order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 767 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1973 n. 14).

A defendant's assertion that a claim is time-barred by a statute of limitations is an affirmative defense that is rarely a proper ground for dismissal under Rule 12(b)(6). *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004). Where a defendant's motion to dismiss early in the litigation is based on a statute of limitations, the question is "whether there is any set of facts that if proven would establish a defense to the statute of limitations." *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003) (*Clark*). If the facts alleged in the complaint establish that the suit is time-barred, however, the plaintiff can plead themselves out of court under a 12(b)(6) motion to dismiss. *Clark*, 318 F.3d at 767; *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

## ANALYSIS

Defendants characterize Count I of Sloan's Complaint as a state-law negligence claim against Hickory Hills and Count II as a state-law gross negligence claim against Hickory Hills. Defendants move to dismiss Counts I and II on the ground that civil actions against municipalities in Illinois are controlled by the Local Governmental and Governmental Employees Immunity Act and have a one-year statute of limitations. 745 ILL. COMP. STAT. 10/8-101 (2006); *Woidtke v. St. Clair County, Illinois*, 335 F.3d 558, 561 (7th Cir. 1993).

3

Acquiescing to Defendants' characterization of Counts I and II as state-law negligence claims, Sloan concedes in his Response that Counts I and II are time-barred. Because Sloan does not dispute Defendants' affirmative defense, Counts I and II of Sloan's Complaint are dismissed with prejudice. *See Limestone Development Corp. v. Village of Lemont*, 473 F. Supp. 2d 858, 876, n.4 (N.D. Ill. 2007) (conceding that plaintiff's tort claim against defendant Village should be dismissed as time-barred under 745 ILCS 10/8-101); *Frantz v. U.S. Powerlifting Federation*, 836 F.2d 1063, 1064 (7th Cir. 1987) (reporting that the district court dismissed a complaint under Rule 12(b)(6) after plaintiff conceded that the complaint was insufficient).

Defendants also move to dismiss Count IV for failure to state a proper claim for municipal liability under § 1983. Sloan responds by requesting leave of this Court to amend Count IV of his Complaint. Federal Rule 15(a) allows a party to amend its pleading "once as a matter of course . . . before being served with a responsive pleading." FED. R. CIV. P. 15(a)(1)(A); *Raveling v. HarperCollins Publishers Inc.*, No. 04-2963, 2005 WL 900232, at *6 (7th Cir. March 4, 2005) (*Raveling*). In the Seventh Circuit, a Rule 12 motion to dismiss is not a responsive pleading. *Raveling*, 2005 WL 900232, at *6. As Defendants have not answered Sloan's Complaint but only moved to dismiss parts of it by motion, Defendants have not filed a responsive pleading yet, and Sloan is free to amend Count IV "as a matter of course."

However, as Sloan has moved this Court for formal leave to amend in his Response to Defendants' Motion to Dismiss, his Motion will be addressed. If a responsive pleading has been filed, a party may then amend only with the written consent of the opposing party or leave of court, which should be given freely. FED. R. CIV. P. 15(a)(2). Granting leave to amend is at the district court's discretion, but the mandate to grant leave freely is to be heeded. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (*Foman*) (holding that "[i]f the underlying facts or

4

circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"). Leave to amend should not be granted automatically, however, and may be denied: (1) where it would cause undue delay, or (2) where it would cause undue prejudice to the opposing party, or (3) where the court finds the movant acted in bad faith. *Foman*, 371 U.S. at 182; *Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 803-04 (7th Cir. 2005). Denying leave to amend is also proper where amending will be futile and cannot cure the legal deficiencies of the original complaint. *Raveling*, 2005 WL 900232, at *6.

Sloan moved to amend Count IV in his Response to Defendants' Motion to Dismiss. In Defendants' Reply, they do not assert any of the *Foman* factors that counsel against granting leave to amend. Defendants do not claim bad faith, undue delay, or undue prejudice, and this Court agrees. There is no evidence of bad faith or undue delay, as Sloan moved to amend before Defendants have even answered the Complaint. There is also no evidence of undue prejudice to the Defendants, as Sloan only wishes to re-plead the same municipal liability claim. Defendants have been on notice of this claim since the Complaint was filed. Therefore, granting leave to amend would not prejudice the Defendants.

Defendants do object to this Court granting Sloan leave to amend on the ground that the fatal defects in Count IV are incurable. Following *Monell*, municipalities may be liable under § 1983 if they adopt policies or customs that violate constitutional rights. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (*Praprotnik*). Municipalities may also face § 1983 liability for the actions of a "final policymaking authority." *Praprotnik*, 485 U.S. at 123. A final policymaker may not face § 1983 liability for mere negligence. *Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003) (*Morfin*). In order to be subject to § 1983 liability for the

5

conduct of subordinates, a supervisor has to "know about the conduct, and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must, in other words, act either knowingly or with deliberate, reckless indifference." *Morfin*, 349 F.3d at 1001.

Sloan's Count IV is an attempt to attach municipal § 1983 liability to Hickory Hills by virtue of the conduct of Vodicka, its Chief of Police. Under the facts asserted by Sloan, it is possible to plead a valid § 1983 municipal liability claim against Vodicka. Therefore, leave to amend would not be futile. In light of the mandate to freely grant leave in the interest of justice, this Court grants Sloan leave to amend Count IV of his Complaint.

## CONCLUSION

For the foregoing reasons, Counts I and II of Sloan's Complaint are dismissed with prejudice. Count IV is dismissed. However, Sloan is given leave to file an amended complaint as to Count IV within thirty (30) days from the date of this Order.

Dated: August 27, 2008

JOHN W. DARRAH
United States District Court Judge